BRENT P. LORIMER (USB No. 3731)
DAVID R. WRIGHT (USB No. 5164)
ROBERT E. AYCOCK (USB No. 8878)
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800

Attorneys for Plaintiff
WALKER TAPE CO., INC.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALKER TAPE CO., INC., a Utah Corporation, | Civil Action No. _____ |
| Plaintiff, | **COMPLAINT WITH DEMAND FOR JURY TRIAL** |
| v. | |
| TRUE TAPE, LLC, a Texas Corporation, and MARK TABISH an individual, | Judge Paul G. Cassell<br>DECK TYPE: Civil<br>DATE STAMP: 03/02/2007 @ 14:56:31<br>CASE NUMBER: 2:07CV00131 PGC |
| Defendants. | |

Plaintiff Walker Tape Co., Inc., ("Walker" or "Plaintiff") alleges as follows:

## THE PARTIES

1. Walker is a Utah corporation having a principal place of business at 9620 South Hawley Park Road, West Jordan, Utah, 84088.

2. On information and belief, True Tape, LLC is a Texas corporation having a principal place of business at 11012 Oaktree Park, San Antonio, Texas, 78249.

3. On information and belief, Mark Tabish is an individual residing at 11012 Oaktree Park, San Antonio, Texas, 78249.

1

## JURISDICTION AND VENUE

4. This is an action arising, in part, under the Lanham Act, 15 U.S.C. § 1052 *et seq.* and related Utah state law. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court also has jurisdiction as there is complete diversity of citizenship among the parties.

5. The state law claims asserted herein arise out of a nucleus of facts common to the federal claims, all of which would be expected to be tried in a common action. This Court therefore has supplemental jurisdiction over the state law claims.

6. Upon information and belief, True Tape, LLC and Mark Tabish (collectively referred herein in as "Defendants") transact business in the State of Utah and/or have supplied goods in the State of Utah. Defendants also own and operate an interactive website that displays and promotes the infringing marks and false advertisements at issue in this action that solicits sales of True Tape products from citizens of the state of Utah. This court has personal jurisdiction over Defendants under the Utah Long Arm Statute, Utah Code Ann. § 78-27-24.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) because Defendants are subject to the personal jurisdiction of this Court and because substantial events giving rise to this Complaint occurred in this judicial district.

## FACTUAL BACKGROUND

8. Walker is in the business of manufacturing, distributing and selling numerous adhesives, solvents, and tapes which are used, *inter alia*, in connection with hair replacement products to customers in the United States.

9. Walker uses unique trademarks to identify its quality products to the consuming public and to distinguish its products from those sold by others. Walker's trademarks include, *inter alia*, the common law marks "Walker Tape" and "Ultra Hold" (the "Walker Marks") used on and in connection with hair replacement adhesives and tapes. Walker first began using the

2

"Walker Tape" mark in 1998, the "Ultra Hold" mark in 1999, and has used these marks continuously in interstate commerce since those dates.

10. As a result of Walker's substantial and continuous use of the Walker Marks, including advertising, labeling and marketing, the Walker Marks have become an asset of substantial value to Walker as a distinctive indication of the origin and quality of its products. Products bearing the Walker Marks are marketed and sold throughout the United States and have acquired a broad and valuable reputation and goodwill.

11. Upon information and belief, Defendants are also in the business of manufacturing, distributing and selling tapes and adhesives, including adhesives and tapes to secure hair replacement products, and are competitors of Walker.

12. Mark Tabish is a former employee of Walker.

13. Defendants are using the "Walker Tape" and "Ultra Hold" marks on or in connection with their hair replacement adhesives and tapes.

14. Defendants advertise and sell a hair replacement adhesive bearing the name "Ultra-Hold," in interstate commerce, including on the Internet. An example of such Internet advertisement is attached hereto as Exhibit A.

15. Defendants' infringing use of Walker's "Ultra Hold" mark is done without permission, valid license or consent from Walker, and this use is causing or will cause confusion, mistake, or deception among the purchasers of such product. Defendants' advertisements, promotions, sales, distribution and offers for sale are diminishing or will diminish the valuable good will and reputation of Walker's "Ultra Hold" mark and are resulting in or will result in lost sales by Walker and will cause irreparable harm to Walker.

16. Defendants use the "Walker Tape" mark in their Internet advertising as a metatag within their website found at http://www.tructape.com. A copy of the front page of Defendants website and its associated code is attached hereto as Exhibit B.

3

17. Defendants' use of the "Walker Tape" mark as a metatag is done without permission, valid license or consent from Walker, and the use is causing or will cause confusion, mistake, or deception among the purchasers of such products as to the source or origin of the products. Defendants' advertisements, promotions, sales, distribution and offers for sale are diminishing or will diminish the valuable good will and reputation of Walker's "Walker Tape" mark and are resulting in or will result in lost sales by Walker and will cause irreparable harm to Walker.

18. In Defendants' Internet advertising for their "Ultra-Hold" product found at http://www.truetape.com, Defendants provide a link titled "Products." Upon clicking this link, Defendants direct a customer to a webpage offering for sale Defendants' products including Defendants' "Ultra-Hold" hair replacement tape. Next to Defendants' "Ultra-Hold" offering, Defendants provide the following link "*(Click here for information on Walker Ultra-Hold glue)*." Upon clicking this link, the Defendants direct a customer to a webpage where the Defendants make false and/or misleading descriptions and/or misrepresentations of fact. Specifically, Defendants falsely claim that Walker's "Ultra Hold" product contains unsafe levels of heptane and toluene. A copy of this webpage advertisement is attached hereto as Exhibit C.

19. Defendants' false accusations are causing or will cause confusion, mistake, or deception among the purchasers of such products as to the nature, characteristics and qualities of Walker's "Ultra Hold" product. Defendants' advertisement and promotion will diminish the valuable good will and reputation of Walker, its Walker Marks and product sold under the "Ultra Hold" mark, is resulting in or will result in lost sales by Walker, and will cause irreparable harm to Walker.

## FIRST CLAIM FOR RELIEF
### (False Advertising - 15 U.S.C. § 1125(a))

20. Walker incorporates by reference the allegations of paragraphs 1-19 as if fully set forth herein.

21. Defendants' misrepresentations that Walker's "Ultra Hold" product contains unsafe levels of heptane and toluene are literally false and/or misleading with respect to the nature, characteristics and qualities of Walker's "Ultra Hold" product and as such constitute false advertising under 15 U.S.C. § 1125(a).

22. On information and belief, Defendants' false and/or misleading advertisement was made willfully and Defendants will continue their false advertising unless enjoined by this Court.

23. Walker has been damaged and will continue to be damaged and irreparably harmed by Defendants' false advertising.

WHEREFORE, Walker prays for judgment as set forth hereinafter.

## SECOND CLAIM FOR RELIEF
### (False Designation Of Origin, False Description and Unfair Competition - 15 U.S.C. § 1125(a))

24. Walker incorporates by reference the allegations of paragraphs 1-23 as if fully set forth herein.

25. Defendants have marketed and continue to market an adhesive under the name "Ultra-Hold" and have used and continue to use in their Internet advertising the "Walker Tape" mark as a metatag.

26. Defendants were aware of Walker, its business and the Walker Marks prior to Defendants' adoption and use of the Walker Marks.

27. On information and belief, Defendants intentionally and willfully used and are using the Walker Marks in connection with the marketing and sales of their tapes and adhesives in an attempt to trade on the goodwill and reputation established by Walker under the Walker

5

Marks, and to deceive purchasers and others as to the source, sponsorship, approval, affiliation, connection and association of Defendants' goods and services with Walker.

28. Defendants' use of the Walker Marks indicate to consumers that Defendants' goods and services are in some manner connected with, sponsored by, affiliated with, or related to Walker, and/or the products and services of Walker.

29. Defendants' infringing use of the Walker Marks is likely to cause confusion among the consuming public as to the source, sponsorship, approval, affiliation, connection, association and nature and quality of Defendants' products.

30. Defendants' use of the Walker Marks constitutes trademark infringement, false advertising, a false designation of origin of Defendants' products, unfair competition and/or false description or representation of Defendants' goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. Defendants' unauthorized use of the Walker Marks has greatly and irreparably damaged Walker, and will continue to damage Walker unless enjoined by this Court.

WHEREFORE, Walker prays for judgment as set forth hereinafter.

### THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

32. Walker incorporates by reference the allegations of paragraphs 1-31 as if fully set forth herein.

33. The consuming public recognizes the Walker Marks as being distinctive of and identifying high quality products associated with a single source.

34. Defendants' infringing use of the Walker Marks is likely to cause confusion among the consuming public as to the origin of Defendants' products.

35. Walker has been and will continue to be damaged and irreparably harmed by Defendants' infringement.

36.     Upon information and belief, Defendants willfully and wantonly infringed Walker's proprietary rights intending to injure Walker, and Defendants will continue to infringe unless enjoined by this Court.

WHEREFORE, Walker prays for judgment as set forth hereinafter.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

37.     Walker incorporates by reference the allegations of paragraphs 1-36 as if fully set forth herein.

38.     Defendants' actions as alleged above constitute unfair competition and unfair business practices. Defendants' actions constitute unfair competition with Walker by creating a likelihood of confusion and actual confusion as to the source or sponsorship of the products sold by Defendants; by misappropriating the unique reputation and goodwill of Walker represented by the Walker Marks thereby injuring that reputation and goodwill; and by diverting from Walker the benefits arising therefrom.

39.     The actions of Defendants have damaged and will continue to damage the business, market, reputation and goodwill of Walker, and may discourage current and potential customers from dealing with Walker.

40.     Defendants' actions are unlawful and have caused and continue to cause irreparable injury to the value and goodwill of the Walker Marks, as well as irreparable injury to Walker's business, goodwill and reputation.

41.     Defendants' continued unauthorized use of the Walker Marks is deliberate, willful and wanton and Defendants will continue to infringe unless enjoined by this Court.

WHEREFORE, Walker prays for judgment as set forth hereinafter.

## FIFTH CLAIM FOR RELIEF
### (Utah Deceptive and Unfair Trade Practices Act)

42. Walker incorporates by reference the allegations of paragraphs 1-41 as if fully set forth herein.

43. Defendants' actions as alleged above, and specifically Defendants' use of the "Ultra-Hold" mark to identify their hair replacement tape product and the "Walker Tape" mark as a metatag, have caused or are likely to cause confusion or misunderstanding by actual and prospective purchasers and customers regarding the true source, sponsorship, approval, affiliation, connection and association of Defendants' with Walker. Further, Defendants' misrepresentation that Walker's Ultra Hold product contains unsafe levels of heptane and toluene is false and/or misleading with respect to the nature, characteristics and qualities of Walker's Ultra Hold product. This conduct constitutes a deceptive trade practice and/or deceptive or misleading advertising practice in violation of Utah Code Ann. § 13-11a-1 *et seq.*

44. Defendants' deceptive trade practices and/or deceptive or misleading advertising practices have caused and continue to cause irreparable injury to the value of the Walker Marks, as well as irreparable injury to Walker's business, goodwill and reputation.

45. Walker has been and will continue to be damaged by Defendants improper acts.

46. Defendants deceptive trade practices and/or misleading advertising practices will, if not enjoined by this Court, continue unless enjoined by this Court.

WHEREFORE, Walker prays for judgment as set forth hereinafter.

### PRAYER FOR RELIEF

WHEREFORE, Walker prays that the Court enter:

a. Judgment that Defendants have falsely advertised the nature, characteristics and qualities of Walker's Ultra Hold product;

b. Judgment that Defendants infringed the Walker Marks;

8

c. Judgment that Defendants committed unfair competition/false designation by their use of the Walker Marks;

d. Judgment that Defendants misrepresented/passed off their product by their use of the Walker Marks;

e. For preliminary and permanent injunctions restraining Defendants, their agents, servants, employees, officers and those persons in act of concert or participation with Defendants as follows:

    i. From making any false and/or misleading description and/or misrepresentation of fact with respect to the nature, characteristics and qualities of Walker's Ultra Hold product;

    ii. From using the Walker Marks or any colorable imitation of Walker's "Walker Tape" and "Ultra Hold" marks in connection with or in the promotion, sale, advertising or packaging of any of Defendants goods and/or services;

    iii. From engaging in unfair competition against Walker or any act likely to mislead any consumer;

    iv. From passing off or assisting, inducing, or encouraging another to pass off any product as originating from Walker;

    v. Directing Defendants to recall and destroy, at their sole and exclusive cost, any and all products bearing the designation "Ultra-Hold" and colorable imitations of Walker's "Ultra Hold" mark;

    vi. Directing Defendants to recall and destroy any and all advertising or promotional materials or products bearing the "Ultra-Hold" mark or containing any false and/or misleading description and/or misrepresentation of fact with respect to the nature, characteristics and qualities of Walker's Ultra Hold product;

vii.     Directing Defendants to remove any and all uses of the "Walker Tape" mark or any colorable imitation of the "Walker Tape" mark from their website(s), specifically as a metatag;

viii.    Directing Defendants to remove from their website(s) any false and/or misleading description and/or misrepresentation of fact with respect to the nature, characteristics and qualities of Walker's Ultra Hold product and to post on their website corrective statements acknowledging the falsity of their misrepresentations about Walker's "Ultra Hold" product, and correcting those false representations;

ix.     Requiring that, no later than thirty (30) days following the entry of a preliminary injunction or judgment in this case, whichever is sooner, Defendants shall serve upon Walker's counsel a written declaration, under oath, affirming Defendants' compliance with the Order of this Court and detailing the manner in which Defendants have complied with the Order of this Court;

f.      For all actual damages sustained by Walker as the result of Defendants' acts of infringement and false advertising, together with prejudgment interest, according to proof, pursuant to 15 U.S.C. § 1117;

g.      For an accounting of Defendants' profits resulting from their acts of infringement and false advertising pursuant to 15 U.S.C. § 1117;

h.      For enhanced damages pursuant to 15 U.S.C. § 1117;

i.      For a finding that this is an exceptional case and award attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by law;

j.      For Walker's costs of suit, including their reasonable litigation expenses, pursuant to 15 U.S.C. § 1117;

k.      An award of Walker's costs and attorneys' fees, and corrective advertisement pursuant to Utah Code Ann. § 13-11a-4(2).

l.      Granting Walker such additional, other, or further relief as the Court deems proper and just.

**JURY DEMAND**

Walker hereby demands a trial by jury on all issues triable to a jury as a matter of right.

DATED this 2nd day of March, 2007.

WORKMAN | NYDEGGER

By _____
Brent P. Lorimer
David R. Wright
Robert E. Aycock

Attorneys for Plaintiff
WALKER TAPE CO., INC.

J:\171161\001 Complaint.030107.doc

11

✇JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Walker Tape Co., Inc., a Utah Corporation

**(b)** County of Residence of First Listed Plaintiff   Salt Lake County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Workman Nydegger   (801) 533-9800
60 E. South Temple, Ste. 1000, Salt Lake City, UT 84111

## DEFENDANTS
True Tape, LLC, a Texas Corporation, and Mark Tabish an individual

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**15 U.S.C. §1125**
Brief description of cause:
**False Advertising, Unfair Competition and Trademark Infringement**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)  JUDGE _____   DOCKET NUMBER _____

DATE  03/02/2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____

Judge Paul G. Cassell
DECK TYPE: Civil
DATE STAMP: 03/02/2007 @ 14:56:31
CASE NUMBER:  2:07CV00131  PGC