IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALKER TAPE CO., INC., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRUE TAPE, LLC, a Texas Corporation, and MARK TABISH an individual,<br><br>Defendants. | Civil Action No. 2:07-cv-00131 TC<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Judge: Hon. Paul G. Cassell |

Having reviewed the stipulation of the parties for entry of a Consent Judgment and Permanent Injunction, being fully advised in the premises, and for good cause shown, the Court hereby makes the following findings and enters Final Judgment as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Walker Tape Co., Inc. ("Walker") is a Utah corporation having a principal place of business at 9620 South Hawley Park Road, West Jordan, Utah, 84088.

2. True Tape, LLC ("True Tape") is a Texas corporation having a principal place of business at 11012 Oaktree Park, San Antonio, Texas, 78249.

3. Mark Tabish ("Tabish") is an individual residing at 11012 Oaktree Park, San Antonio, Texas, 78249.

4. This Court has personal jurisdiction over the Defendants.

5. This Court has subject matter jurisdiction over the claims asserted in Walker's Complaint pursuant to 28 U.S.C. §§1331 and 1338 (a) and (b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

1

## TRADEMARK INFRINGEMENT,

## FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION

7. Walker has used the marks "Walker," "Walker Tape" and "Ultra Hold" ("the Walker Marks") in interstate commerce to identify its adhesive and tape products in association with the sale and offer for sale of such products and has done so since at least 1985 for the "Walker" and "Walker Tape" marks and 2000 for the "Ultra Hold" mark.

8. Walker's continuous and substantial use of the Walker Marks, has given rise to secondary meaning in those marks, as the consuming public has come to associate Walker products with Walker through use of the Walker Marks. As a result, Walker has developed substantial good will in the Walker Marks.

9. The Walker Marks are valid and enforceable.

10. Defendants have wrongfully, and without authorization from Walker used the Walker Marks in interstate commerce, including, but not limited to, use of the Walker Marks on their website and placement of the "Ultra Hold" mark on competing adhesive products sold and offered for sale by Defendants.

11. Defendants' use of the Walker Marks in interstate commerce in connection with their advertisements, promotions, sales, distribution and offers for sale have diminished the valuable good will and reputation of Walker's "Ultra Hold" mark and have caused irreparable harm to Walker.

12. Defendant's unlawful and unauthorized use of the Walker Marks has caused and is likely to cause confusion, mistake, or deception among a substantial segment of the consuming public as to the origin, sponsorship or approval of goods sold by Walker and constitutes trademark infringement, false designation of origin, false description and unfair competition under section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

## FALSE ADVERTISING

13. Defendants have made false statements about the nature, qualities and characteristics of Walker's "Ultra Hold" product, including, but not limited to, false and/or misleading statements that Walker's "Ultra Hold" product contains unsafe levels of heptane and toluene. Defendants have also made other false and/or misleading statements suggesting that all adhesive products containing heptane or toluene are hazardous to human health.

14. Defendants' statements about Walker's "Ultra Hold" product are false and/or misleading and are likely to deceive a substantial portion of the consuming public as to the nature, characteristics and qualities of Walker's "Ultra Hold" product.

15. Defendants' false and/or misleading statements have caused and are likely to cause confusion, mistake, or deception among the consuming public as to the nature, characteristics and qualities of Walker's "Ultra Hold" product and have caused irreparable harm to Walker.

16. Defendants' conduct constitutes false advertising under section 43(a) of the Lanham Act (15 U.S.C. 1125(a)).

## UNFAIR COMPETITION AND DECEPTIVE AND UNFAIR TRADE PRACTICES

17. Defendants' use of the Walker Marks, in connection with their advertisements, promotions, sales, distribution and offers for sale of their goods and services, have caused or are likely to cause confusion or misunderstanding by actual and prospective purchasers and customers regarding the true source, sponsorship, approval, affiliation, connection and association of Defendants' with Walker.

18. Defendants' statements that Walker's Ultra Hold product contains unsafe levels of heptane and toluene is false and/or misleading with respect to the nature, characteristics and qualities of Walker's "Ultra Hold" product and have caused confusion, mistake, or deception

among the consuming public as to the nature, characteristics and qualities of Walker's "Ultra Hold" product.

19. Defendants' use of the Walker Marks and their false and/or misleading statements concerning the nature, characteristics and qualities of Walker's "Ultra Hold" product have caused irreparable harm to Walker's business, goodwill and reputation.

20. Defendants' conduct constitutes common law unfair competition and deceptive and unfair trade practices under Utah Code Ann. section 13-11a-1 *et seq.*

## FINDINGS ON PERMANENT INJUNCTION

21. Walker has established that it is entitled to prevail on the merits of its unfair competition, false advertising, false designation of origin and common law trademark infringement claims.

22. Walker has suffered and will continue to suffer irreparable harm by reason of the wrongful conduct of the Defendants.

23. The balance of hardships and public policy favor the issuance of a permanent injunction in favor of Walker.

## PERMANENT INJUNCTION

24. Defendants Tabish and True Tape and their officers, agents, servants, employees, and all persons acting in active concert or participation with them who receive actual notice of this injunction by personal service or otherwise, are hereby permanently enjoined as follows:

   a. Tabish and True Tape are enjoined from making any false and/or misleading statements with respect to the nature, characteristics and qualities of Walker's goods and/or services. This injunction shall include, but not be limited to, an injunction prohibiting Tabish and True Tape and all persons in active concert or participation with them from making any statements suggesting that the Walker

       Ultra Hold product includes levels of heptane or toluene that are dangerous to human health, or that any Walker product is dangerous to human health;

b. Tabish and True Tape are required to immediately remove all reference to Walker and the Walker marks from packaging, advertising and promotional materials, whether such materials are in print, electronic or other media used, controlled or influenced by them in connection with the sale of adhesive and tape products;

c. Tabish and True Tape are required to immediately destroy all packaging, advertising and promotional materials, whether such materials are in print, electronic or other media that contain references to Walker, its products, or the Walker Marks, and are required to report the actions taken by it to accomplish such destruction to Walker within 30 days of the date of this Judgment;

d. Tabish and True Tape are enjoined from using the Walker Marks or any colorable imitation thereof in commerce in connection with the sale or offer for sale of adhesive or tape products.

## FINAL JUDGMENT

25. Final judgment is hereby entered in favor of Walker and against Tabish and True Tape on the claims of the Complaint herein.

26. Judgment is entered against the Defendants True Tape and Tabish, jointly and severally, in the amount of seven thousand five hundred dollars ($7,500) as compensation for the wrongful conduct of Defendants.

27. All parties shall bear their respective attorneys' fees and costs. The terms of the Settlement Agreement between the parties and this Judgment are to be construed together.

28. This judgment fully and finally resolves, for purposes of res judicata and collateral estoppel, any and all issues of trademark infringement, unfair competition, false

designation of origin and false advertising arising out of the allegations of the Complaint, including, but not limited to the validity and infringement of the Walker Marks.

29.  The Court shall maintain jurisdiction over this action for purposes of enforcement of this Permanent Injunction and Consent Judgment, and the Settlement Agreement between Walker and the Defendants.

DATED this 10th day of April, 2007.

BY THE COURT:

Paul G. Cassell
United States District Judge